UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

Case No.: CV09-8369-DDP(CTx)                Date: March 9, 2010

Title:    Conan Properties Int'l, LLC v. Prion Books, Ltd., et al.

===============================================================
DOCKET ENTRY:
===============================================================
PRESENT:        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                Deborah Malone
                Deputy Clerk                 Court Reporter

  ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
          None present                           None present

PROCEEDINGS:    (DENYING PARTIES' REQUEST TO SIGN STIPULATED
                PROTECTIVE ORDER WITHOUT PREJUDICE)

   The magistrate judge has received the parties' request to sign a stipulated protective order. The request is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1.  Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

    In proposing or agreeing to the protection of "trade secrets," the definition for that terms in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation. (See Stipulation for a Protective Order, "Stip.," at § 1.)

2.  A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order purports to cover, for example, post-judgment

matters. (See, e.g., Stip. at §§ 14-15.) To the extent the parties wish to have a broader protective order that covers matters beyond discovery, they should submit such a request to the district judge. The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

3. In general, once a case proceeds to trial, all the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

4. The parties may agree to make an application to file confidential documents under seal. Any such application should be made in accordance with the procedures set forth in Local Rule 79-5 and the standards set forth in Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006). (See Stip. § 9.) In filing an application under Local Rule 79-5, the parties should seek to file **only** the confidential portions of such documents under seal and any application to file documents under seal in proceedings before the district judge should be made to the district judge.

5. All disputes concerning a protective order sought from the magistrate judge shall be conducted pursuant to Local Rule 37. (See Stip. §§ 12, 13.)

6. The court will not sign a protective order that could be read to require the court or court personnel to abide by terms. (E.g., Stip. §§ 6, 7.)

7. The parties are advised that the magistrate judge's civil contempt authority is limited, (see Stip. § 3). 28 U.S.C. § 636(e). Furthermore, the order could be read to suggest sanctions will be imposed for a violation of its terms. The order should read "may." (Id.)

The parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting confidential or proprietary information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court**.

**IT IS SO ORDERED.**

cc: Judge Pregerson

   Gerald B. Weiner, Esq.
   Probstein and Weiner

9696 Culver Boulevard, Suite 205
Culver City, CA 90232

Karin G. Pagnanelli, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683

Melanie J. Howard, Esq.
Loeb & Loeb, LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067-4164

**MINUTES FORM 11**  **Initials of Deputy Clerk**_____
**CIVIL-GEN**